UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT M. LEDOUX, ET AL.** | : | **DOCKET NO. 18-cv-0083** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CHEROKEE INSURANCE COMPANY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand [doc. 9] filed by Robert Ledoux, individually and on behalf of his minor son, G.L. (hereinafter "plaintiffs") in response to a Notice of Removal [doc. 1] filed by Cherokee Insurance Co., Justin Koroush, and Pam Transport, Inc. (hereinafter "PTI Defendants").

This motion has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, **IT IS RECOMMENDED** that the plaintiffs' motion be **GRANTED**.

## I.
### BACKGROUND

This case arises from an automobile accident that occurred on November 28, 2016, in Iowa, Louisiana. Doc. 1, att. 4, pp. 4-5. Plaintiffs filed suit on November 15, 2017, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, seeking damages as a result of injuries allegedly suffered therein. *Id*. at pp. 4-8. In their petition plaintiffs allege that the collision occurred when Justin Koroush, acting within the course and scope of his employment with Pam Transport, Inc**.**, struck plaintiffs' stationary sports utility vehicle with an 18-wheeler owned by Pam Transport, Inc. and insured by Cherokee Insurance Co. *Id*. Plaintiffs also named their

uninsured/underinsured motorist carrier, State Farm Insurance Co. (hereinafter "State Farm"), as a defendant. *Id*.

On January 23, 2018, PTI Defendants filed a notice of removal alleging that the petition for damages gave rise to federal jurisdiction under 28 U.S.C. § 1332, claiming complete diversity and that the amount in controversy exceeded $75,000. Doc. 1, p. 3. On February 22, 2018, plaintiffs filed a motion to remand citing three deficiencies in PTI Defendants' notice of removal. Doc. 9, p. 1. First plaintiffs allege that the notice of removal is untimely because PTI Defendants filed the notice of removal more than 30 days after service of the petition for damages. Doc. 9, att. 4, p. 2. Second plaintiffs allege that the PTI Defendants failed to properly provide evidence of express consent to the removal given by State Farm, who was served on December 20, 2017 as documented by proof of service attached to plaintiffs' motion to remand. Doc. 9, att. 4, pp. 3-4, doc. 9, att. 1, p. 1. Plaintiffs further allege that PTI Defendants failed to carry the burden of proving damages in excess of $75,000. Doc. 9, att. 4, pp. 4-5.

In their opposition to the motion to remand, PTI Defendants claim that the case's removability became evident on January 22, 2018, one week after plaintiffs failed to stipulate that the damages were less than $75,000. Doc. 11, pp. 2-3. PTI Defendants state that plaintiffs' refusal to answer a request to stipulate that the damages sought would not exceed $75,000 established sufficient indication to conclude the amount in controversy exceeds $75,000. *Id*. Furthermore, PTI Defendants state that this first made them aware of the case's removability, thereby making their January 23, 2018 notice of removal timely. *Id*. PTI Defendants also allege that they discussed removal and acquired State Farm's consent prior to filing the notice of removal and that any omission of an express writing "was merely an oversight." *Id*. at pp. 3-4.

## II.
## LAW & ANALYSIS

Any civil action filed in state court where federal district courts have concurrent original jurisdiction may be removed to the federal court in the district in which the state court of original filing is located. 28 U.S.C. § 1441(a). District courts have original jurisdiction between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. In a removal action, the defendant bears the burden of showing that federal jurisdiction exists and that the removal was procedurally proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The removal procedure set out in 28 U.S.C. § 1446 provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Accordingly, all then-served defendants who do not join in the removal petition must file timely written indications of their consent. *Getty Oil Corp. v. Ins. Company of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Written consent must be indicated by the defendant's signature on the removal petition or filing of written consent within the removal period. *Louisiana v. Aspect Energy, LLC*, 2011 WL 5238666, *1 (W.D. La. Oct. 1, 2011) (citing *Getty Oil*, 841 F.2d at 1262 n. 11, 1263)). Statements by the removing defendants that other defendants have consented are insufficient. *Id*. "If written consent on the part of all defendants is lacking when the thirty day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Wamsley v. Ditzler*, 2014 WL 1030085, *2 (W.D. La. Mar. 17, 2014) (citations omitted).

For PTI Defendants' removal to be proper, State Farm, a properly joined and served defendant, necessarily had to have: (1) joined in the notice of removal; or (2) timely filed express, written consent to the removal procedure. 28 U.S.C. § 1446(b)(2)(A); *Getty Oil*, 841 F.2d at 1262

n.11, 1263. PTI Defendants aver that they obtained State Farm's consent prior to filing the notice of removal and that their failure to provide correspondence evidencing said consent does not preclude removal. Doc. 11, p. 3-4. This claim is without merit on two grounds. First, PTI Defendants have the burden of showing that the removal action was procedurally proper. *See De Aguilar* 47 F.3d at 1408. Thus, PTI Defendants had to show proper consent either at the time of filing the notice of removal, or within the 30 day removal period. *See Getty Oil*, 841 F.2d at 1262 n.11, 1263. Their failure to timely provide such information constitutes an incurable procedural defect. Secondly, PTI Defendants' discussion with State Farm about consent lacks the proper form requirement. Consent to removal by a codefendant must be in writing; thus, mere statements by PTI Defendants affirming State Farm's consent are improper. *Id*.

In light of federalism implications associated with the removal process, removal statutes are strictly construed. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Moreover, "[d]istrict courts have no power to overlook timely raised procedural objections to a removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Kunce v. State Farm Mut. Ins. Co.*, 2013 WL 1501041, *2 (W.D. La. Apr. 10, 2013) (citing *Spoon v. Fannin County*, 794 F. Supp. 2d 703 (E.D. Tex. 2011)). Therefore, considering the procedural defects in PTI Defendants' notice of removal and plaintiffs' timely motion to remand raising the concerns discussed herein, remanding the case to state court is apposite.

Because we find merit in the consent issue we need not consider the remaining grounds for remand alleged.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **GRANTED**.

Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE